# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAMARCUS PIPPEN and WILLIAM ARMSTRONG, JR., ) ) ) Plaintiffs, ) ) v. ) ) FULTON COUNTY, GEORGIA, ) ) Defendant. ) ) | Civil Action File No. _____ **JURY TRIAL DEMANDED** |

## COMPLAINT

COME NOW the above-named Plaintiffs who bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA" or the "Act"), for unpaid overtime compensation, liquidated damages, attorneys' fees, reasonable expenses of litigation, and other authorized relief under the Act, on the grounds set forth below:

## INTRODUCTION

1.

Defendant Fulton County ("Defendant" or "County") violated the FLSA by misclassifying Plaintiffs as exempt employees under the FLSA and willfully failing to pay them overtime compensation calculated at one and half times their

hourly rate for all hours worked during each workweek where they worked in excess of forty (40) hours.

## PARTIES

1.

Plaintiff Damarcus Pippen was employed by the County as a Data Security and Electronic Mail Administrator (salary band C42) in its Information Technology Department ("IT").

2.

Plaintiff William Armstrong, Jr. is employed by the County as a Quality Assurance Liaison (salary band C43) in its Information Technology Department ("IT").

3.

The County is a political subdivision of the State of Georgia and an "employer" within the meaning of FLSA. *See* 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

4.

This Court has general subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1337, as well as under 29 U.S.C. § 216(b). This Court also has personal jurisdiction over the County.

5.

Venue is proper in this Court because the events giving rise to this action occurred in this judicial district and division.

## FACTS

### **Plaintiffs are non-exempt.**

6.

Prior to January 1, 2016, Plaintiffs were misclassified as exempt employees.

7.

Throughout their employment with the County, Plaintiffs have been non-exempt employees that perform duties that entitle them to overtime compensation under the FLSA.

8.

Plaintiffs have not been employed in a bona fide executive, adminisistrative, or professional capacity.

9.

Plaintiffs' primary duty did not involve management of the County or a customarily recognized department or subdivision.

10.

Plaintiffs' primary duty did not involve the exercise of discretion and

independent judgment with respect to matters of significance.

11.

Plaintiffs were not responsible for formulating, affecting, interpreting, or implementing management policies or operating practices.

12.

Plaintiffs did not have authority to commit the County in matters of significant financial import and did not have authority to negotiate and bind the company on significant matters.

13.

Plaintiffs did not have authority to waive or deviate from established policies and procedures without prior approval.

14.

Plaintiffs did not provide consultation or expert advice to management and were not involved in planning long- or short-term business objectives.

15.

Plaintiffs did not investigate and resolve matters of significance on behalf of management, and did not represent the County in handling complaints, arbitrating disputes, or resolving grievances.

16.

Although Plaintiffs are well-qualified, the knowledge needed to adequately perform their duties is not customarily acquired by a prolonged course of specialized intellectual instruction.

17.

Plaintiffs' primary duty is not in a recognized field of artistic or creative endeavor.

18.

The nature of Plaintiffs' job duties preclude the County from relying on any recognized exemption to the FLSA's requirements regarding employer record keeping and overtime compensation for non-exempt employees.

**Plaintiffs did not qualify for the computer worker exemption.**

19.

Although the computer worker exemptions allows certain employees to be paid on an hourly basis and still qualify as exempt, Plaintiffs did not meet the requirements for this exemption.

20.

To qualify for the computer worker exemption and employee must be paid at least $27.63 per hour.

21.

Plaintiff Pippen fell well short of the hourly requirement.

22.

Plaintiff Armstrong did meet the minimum hourly rate requirement beginning in 2014.

23.

This was the result of county-wide salary increases and not an attempt by the County to take advantage of the computer worker exemption.

24.

Regardless, Plaintiffs did not and do not work for the County as computer systems analysts, computer programmers, software engineers, or other similarly skilled worker in the computer field as is required to qualify for the computer worker exemption.

25.

Plaintiff Armstrong's primary duty consists of ensuring that the County's current technology contracts meet the technology needs of the County. This is accomplished by coordinating quality assurance activities related to technological equipment needs, responding to service inquiries, and resolving issues for multiple information technology contracts.

26.

Plaintiff Pippen's primary duty consisted of creating passwords, performing security reviews, and resolving security problems.

**The County knew or should have known that Plaintiffs were not exempt and that its policies and practices did not comply with the FLSA.**

27.

The County cannot claim that it made a sincere effort to comply with the law as the nature and scope of Plaintiffs' job duties remained the same both before and after the reclassification.

28.

Moreover, even after Plaintiffs were properly classified as non-exempt, the County failed to account for the fact that Plaintiffs clocked in and began working prior to the start of their regularly scheduled shift.

**The County failed to properly compensate Plaintiffs for overtime hours.**

29.

While they were misclassified as exempt employees, the County paid Plaintiffs an hourly rate for all hours worked up to forty (40) hours in a workweek.

30.

Despite its knowledge that Plaintiffs were misclassified, the County did not pay Plaintiffs one and a half times their regular hourly rates for hours worked over

forty (40) hours in a workweek.

31.

The County sporadically gave employees it classified as exempt, including Plaintiffs, compensatory time off from work ("comp time") on an hour-for-hour basis to compensate them for hours worked in excess of forty (40) hours in a workweek.

32.

Plaintiffs did not agree to accept "comp time" in lieu of pay for overtime hours worked.

33.

The County's own Personnel Regulation 1200-7 requires that non-exempt employees like Plaintiffs be compensated for overtime hours worked with either "comp time" or monetary payments calculated at a rate of one and a half times their regular hourly rates, which is what the FLSA requires.

34.

The County's offer of "comp time" to Plaintiffs at one hour of "comp time" for each hour of overtime hour worked violated the FLSA's provisions and its own Regulations governing the use of "comp time" for public sector employees.

35.

Moreover, throughout Plaintiffs' employment and at the time this Complaint was filed, the County wholly failed to account for the fact that Plaintiffs clocked in and began working prior to the start of their regular shift, but were not paid for this pre-start time worked.

**Plaintiffs worked substantial overtime hours.**

36.

The County has required Plaintiffs to perform "on-call" duty after regular working hours for extended periods of time. "On-call" duty started at the end of the Plaintiffs' regular shifts and continued until the start of their next regular shift.

37.

"On-call" time is compensable under the FLSA. Plaintiffs were not compensated for the time they spent "on-call."

38.

While "on-call," Plaintiffs received email alerts notifying them of network infrastructure issues with the County's computer systems.

39.

Plaintiffs were required to log in to the County's IT system and respond to the email alerts within thirty (30) minutes of receipt pursuant to County policy.

40.

Plaintiffs were required to spend significant time while "on-call" working to resolve network infrastructure problems.

41.

At times, Plaintiffs were required to report to the County's offices while working "on-call" hours.

42.

Plaintiffs' "on-call" work hours regularly caused Plaintiffs to work in excess of forty (40) hours per workweek, but Plaintiffs were not paid one and half times their regular hourly rate for such overtime hours.

43.

At all times relevant, the County knew that its practices requiring "on-call" hours caused Plaintiffs to work in excess of forty (40) hours per workweek without compensation.

44.

The County also had an official policy and practice of prohibiting Plaintiffs from recording all hours worked.

45.

For example, Plaintiffs were required to complete certain projects that

required that they work past the end of their regularly scheduled work shifts.

46.

On such occasions, Plaintiffs were instructed not to clock out so their actual hours worked were not recorded. Instead, Plaintiffs were subsequently given "credit" just for an eight-hour shift even though they worked significantly more "off the clock" hours for which they were not paid during these extended shifts.

47.

At all times relevant, the County knew that Plaintiffs were working significant hours "off the clock" without compensation.

48.

The County's requirement that Plaintiffs work "off the clock" hours regularly caused Plaintiffs to work in excess of forty (40) hours per workweek, but Plaintiffs were not paid one and half times their hourly for such overtime hours.

**COUNT I: UNPAID OVERTIME**

49.

The above allegations in paragraphs 1 through 44 are incorporated by reference as if fully set forth herein in support of Plaintiffs' claims for relief for unpaid overtime wages.

50.

Plaintiffs allege that the County implemented and enforced unlawful policies and practices in violation of the FLSA by:

(1) knowingly and willfully misclassifying Plaintiffs as exempt employees under the FLSA;

(2) failing to keep accurate time records of all hours worked by Plaintiffs on behalf of the County;

(3) prohibiting Plaintiffs from accurately reporting hours worked in excess of forty (40) during workweeks; and

(4) failing or refusing to compensate Plaintiffs for all overtime hours worked at one and one-half times their regular hourly rate(s) of pay.

51.

The County's actions in misclassifying Plaintiffs and failing to pay them for overtime hours were intentional and in willful violation of the FLSA because the County knew or should have known Plaintiffs were misclassified and failed to remedy it.

52.

Because the County's actions were intentional and willful, Plaintiffs are

entitled to back pay for all overtime hours worked for a period of three years prior to the filing of this Complaint pursuant to 29 U.S.C. § 255.

53.

Plaintiffs are entitled to damages in the form of:

(1) compensation for all unpaid overtime hours worked by Plaintiffs at the rate of one and one half times their regular hourly rate for three years preceding the filing of this Complaint; and

(2) compensation at a rate of one-half times Plaintiffs' regularly hourly rate for all overtime hours worked for which Plaintiffs were compensated with "comp time" paid at only their regular hourly rate. *See* 29 U.S.C. §§ 216 and 255.

54.

Plaintiffs are entitled to liquidated damages in an amount equal to their unpaid wages set forth in the preceding Paragraph 35. *See* 29 U.S.C. § 216(b).

55.

Plaintiffs are entitled to their reasonable attorneys' fees and costs of bringing this action. *See* 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the

following relief:

1. Enter a declaratory judgment that the policies and practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

3. Award Plaintiffs back pay damages for all unpaid overtime hours worked and all overtime hours worked for which Plaintiffs were compensated at less than the required rate of one and one half times their hourly rate;

4. Compensate, reimburse and make Plaintiffs whole for any and all benefits they would have received had it not been for Defendant's unlawful pay practices, including retirement and other benefits;

5. Award Plaintiffs liquidated damages in an amount equal to their damages in this case;

6. Award Plaintiffs pre- and post-judgment interest at the maximum rates allowable by law where applicable;

6. Award Plaintiffs all costs incurred in bringing this action and reasonable attorneys' fees;

7. A trial by jury on all issues so triable; and

8. Grant such additional relief as this Court deems just and proper.

Respectfully submitted, this 31st day of January, 2016.

_____
M. Travis Foust
Georgia Bar. No. 104996
tfoust@pcwlawfirm.com
Melissa A. Carpenter
Georgia Bar No. 385004
mcarpenter@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, GA 30309
(404) 873-8000 Telephone
(404) 873-8050 Facsimile
*Counsel for Plaintiffs*