## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into as of the date of the last signatory, between Damarcus Pippen and William Armstrong, Jr. (collectively "Plaintiffs") and Fulton County, Georgia ("Fulton County").

## BACKGROUND

1. Plaintiffs filed a lawsuit against Fulton County in the United States District Court for the Northern District of Georgia, Atlanta Division, styled as, *Pippen et al., v. Fulton County, Georgia*, Case No. 1:17-cv-00362-CAP (the "Civil Action"), in which they alleged violations of the Fair Labor Standards Act ("FLSA").

2. Plaintiffs have asserted claims under the FLSA seeking back pay, benefits, liquidated damages, pre- and post-judgment interest, costs of litigation and attorneys' fees (the "Claims").

3. Fulton County answered the Complaint denying Plaintiffs' allegations and asserting various affirmative defenses.

4. Fulton County and Plaintiffs (collectively the "Parties") have agreed upon a settlement to avoid the uncertainties and further burdens of litigation and the attendant delays that might ensue, and have now agreed to settle, fully and finally, all Claims set forth in the Civil Action, subject to approval by the Fulton County Board of Commissioners (the "Board") and the Court.

In consideration of the payments and the mutual promises described below, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## TERMS AND CONDITIONS OF SETTLEMENT

1. *Consideration:* In consideration for signing the Agreement and complying with its terms, Fulton County shall pay to Plaintiffs the amount of $40,000.00 in full satisfaction of any and all claims pending in the Civil Action to be allocated and paid as described herein within thirty (30) days after the Court's approval of this final settlement of the Civil Action.

2. *Payments to Plaintiffs:* Payments to Plaintiffs shall be allocated as follows:

   a. One check for back pay made payable to Damarcus Pippen in the amount of $8,160.00, subject to standard payroll taxes and withholdings;

    b.    One check for liquidated damages made payable to Damarcus Pippen in the amount of $8,160.00, to be issued with a Form 1099;

    c.    One check for back pay made payable to William Armstrong, Jr. in the amount of $3,840.00, subject to standard payroll taxes and withholdings; and

    d.    One check for liquidated damages made payable to William Armstrong, Jr. in the amount of $3,840.00, to be issued with a Form 1099.

3.    *Plaintiffs' Attorneys' Fees and Expenses:* Fulton County shall pay the sum of $16,000.00 ("Fee Payment") directly to Plaintiffs' attorneys, Parks, Chesin & Walbert, P.C. ("Firm") as attorneys' fees, costs, and expenses of litigation .

4.    *Taxes:*

    a. *Employer Payroll Taxes:* Fulton County is responsible for paying all employer payroll taxes associated with the payment of the consideration recited in Paragraphs 2 (a) and (c) of this Agreement.

    b. *Personal Taxes:* Plaintiffs hereby acknowledge and agree that they shall be solely and exclusively responsible for payment of all local, state, federal and other applicable taxes, penalties or interest with respect to the payment of the consideration recited in Paragraph 2(b) and (d) of this Agreement. Plaintiffs agree to indemnify, defend and hold harmless Fulton County from any and all claims, demands, actions, damages, tax assessments and penalties, in the event the Internal Revenue Service or any other taxing authority were to assert a claim against it for liability for or arising from unpaid taxes by Plaintiffs that are attributable to receipt of the settlement payment referenced above.

    c.

5.    *Complete Release of Claims:* As a material inducement to Fulton County to enter into this Agreement and make the payment stated above, Plaintiffs irrevocably and unconditionally release and forever discharge Fulton County and each and all of its respective current and former employees, officers, agents, the Board of Commissioners, any department and/or department head, representatives, attorneys, insurers, government subsidiary (collectively referred to as the "Fulton County-Related Releasees" or "Releasees") from any and all controversies, claims, demands, promises, actions, suits, grievances, proceedings, complaints, charges, liabilities, damages, debts, allowances, bonuses, costs, expenses, attorneys' fees, judgments (including those entered in the

lawsuit) and remedies of any type, including, but not limited to, back pay, front pay, employee benefits, compensatory damages, punitive damages, declaratory relief, injunctive relief, mandamus and other extraordinary remedies (individually and collectively "Other Claims") that they, or any other Releasor on their behalf, may have against Releasees by reason of any matter, cause, act, or omission, from the beginning of time until the date of execution of this Agreement, including, without limitation, those arising out of or in connection with Plaintiff's employment with Fulton County. This release applies to Other Claims that Releasors know about, and those Releasors may not know about, occurring or arising at any time on or before the date of execution of this Agreement., subject to and contingent on the approval of the Fulton County Board of Commissioners and the Court of the Settlement Agreement and Release. This release is given in exchange for the payments more fully described in paragraph 2 of the Agreement. The original signature of each Plaintiff and required W-9 shall be delivered to Fulton County before the Plaintiff receives his settlement compensation required under this Agreement.

    a. This release includes, but is not limited to, a release of all rights and Other Claims against the Releasees under Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. §§ 1981 through 1988; the Age Discrimination in Employment Act ("ADEA") of 1967; the Rehabilitation Act of 1973; the Americans with Disabilities Act; the Employee Retirement Income Security Act of 1974; the Equal Pay Act of 1963; the Pregnancy Discrimination Act of 1978; the Family and Medical Leave Act; the Older Workers Benefit Protection Act; the Occupational Safety and Health Act; the Consolidated Omnibus Budget Reconciliation Act ("COBRA"); the National Labor Relations Act; the United States Constitution; any federal, state or local law regarding retaliation for protected activity or interference with protected rights; and any other state or local law, including, but not limited to, the Georgia AIDS Confidentiality Act, O.C.G.A. § 24-9-47; Georgia's Law Regarding Equal Pay, O.C.G.A. § 34-5-1, *et seq.*; the Georgia Equal Employment for Persons With Disabilities Code, O.C.G.A. § 34-6A-1, *et seq.*; the Georgia Law Regarding Age Discrimination, O.C.G.A. § 34-1-2; O.C.G.A. § 45-1-4; the Georgia Open Records Act, O.C.G.A. § 50-18-70 et seq.; The Georgia Whistleblower Act; the Georgia Constitution; and all claims under Georgia public policy or common law including, but not limited to, claims of outrageous conduct, intentional or negligent infliction of emotional distress, negligent hiring, breach of contract, breach of covenant of good faith and fair dealing, promissory estoppel, negligence, wrongful termination of employment, defamation, slander, interference with employment relationship, civil rights, fraud and deceit and all other claims of any type or nature. Plaintiffs understand that they are discharging all claims against the Releasees to the full and maximum extent permitted by law. This Release shall not be construed to

      limit or waive the sovereign, official, or qualified immunity of Fulton County; this Agreement is not made to pay any claims that are barred by sovereign immunity.

   b. Specifically included in the release of all claims by Plaintiffs in favor of Fulton County or any Fulton County-Releasees are any and all claims for attorneys' fees, costs and expenses, or other compensation owed by Plaintiffs to any attorneys in connection with the lawsuit or any appeals or proceedings related to the lawsuit. If any such attorney's fees, costs and expenses, or other compensation is owed by Plaintiffs, they acknowledge and agree that they are personally liable for paying such fees out of the settlement proceeds or otherwise, and they unconditionally releases and discharges Fulton County or any Fulton County Related-Releasees from any claim for such attorney's fees, costs and expenses. Accordingly, Plaintiffs will not seek any further award of attorneys' fees, costs or expenses from Fulton County or any Fulton County Related-Releasees in the District Court, the Court of Appeals or in any other court or forum.

   c. Plaintiffs hereby waive the 21 day period required by 29 U.S.C. § 626(f)(1)(F) and 29 C.F.R. § 1625.22(e). Additionally, as required by 29 U.S.C. § 626(f)(1)(G), for a period of at least seven (7) days following the execution of this Agreement, Plaintiffs may revoke this Agreement as it specifically relates to a release of claims under the ADEA, and such part of this Agreement shall not become effective or enforceable until the revocation period has expired.

   d.

6. *Board of Commissioners' Approval:* This Agreement will be submitted for approval to the Fulton County Board of Commissioners as soon as practicable. Fulton County agrees to endeavor to submit this to the Fulton County Board of Commissioners at its next scheduled meeting on June 21, 2017, and will not become binding on Fulton County until approved by the Board.

7. *Joint Motion to Approve Settlement and Stipulation for Voluntary Dismissal with Prejudice:* This Settlement Agreement, including Fulton County's payment obligation, is conditioned upon Plaintiffs' execution of this Agreement, and upon the review and approval of the final settlement by the Court. Accordingly, the Parties will file a joint motion for approval of the settlement agreement. Fulton County shall not be obligated to make the payments set forth in Paragraphs 2 and 3 until the Court has entered an order approving the Settlement of the Civil Action.

8. *Affirmations:* The Plaintiffs represent and agree that they have not assigned, and will not assign, any of the Claims released herein. Plaintiffs also affirm that, except for the Claims made in the Civil Action, they have not filed, directly or indirectly, nor caused to be filed, any of the Claims released herein against Fulton County or any of the other Releasees in any forum, including federal, state or local court, in arbitration, or in any administrative proceeding with any federal, state or local administrative agency. Neither Plaintiffs nor their Counsel shall be permitted to ask any court or other forum to award further amounts of any kind related to the Civil Action, including, without limitation, for any attorneys' fees, costs, or expenses of litigation.

9. *No Admission of Wrong Doing:* This Agreement has been entered into by the Parties solely to avoid the further burdens of litigation. The Parties agree and acknowledge that this Agreement is the result of a compromise and is not and shall never at any time or for any purpose be construed as an admission by Fulton County or any of the other Releasees of any liability or wrongdoing. Fulton County and the other Releasees expressly deny any wrongdoing and specifically disclaim any liability to Plaintiff or to any other person or entity. The Parties agree that this Agreement is not evidence, and shall not raise an inference, that Fulton County or any other Releasee engaged in any unlawful or wrongful conduct.

10. *Interpretation and Construction:* Should any provision of this Agreement require interpretation or construction, the Parties agree that the person or entity interpreting or construing this Agreement shall not more strictly construe the provision against the party who prepared the Agreement, it being agreed that all Parties, by their respective attorneys, have participated in the preparation of all provisions of this Agreement.

11. *Modification:* The Parties further acknowledge, understand, and agree that this Agreement may not be modified or canceled in any manner, nor may any provision of it or any legal or equitable remedy with respect to it be waived, except in writing signed by the Parties. The Parties further agree to execute any other agreement, consent, release, waiver, or other document or form determined to be necessary to enforce or give effect to the intent of this Agreement or any provision hereof.

12. **Complete Understanding; Full Release; Voluntary Signing; Period of Consideration; Full and Independent Knowledge:** Plaintiffs hereby represent and warrant:

    a. That they hav been represented by counsel of their choice, and with the assistance of counsel, has carefully read this Agreement and understand the provisions of the Agreement;

    b. That they understand that this Agreement forever releases and discharges Fulton County from any legal action arising out of claims that arose at any time through the execution of this Agreement; and

    c. That they are voluntarily signing and delivering this Agreement of their own free will, without duress or pressure, after having taken as much time as they need for full consideration of this Agreement and hav obtained advice from their attorneys regarding it.

13. **_Proper Construction:_** The Parties and their counsel have participated in the preparation of all provisions of this Agreement. The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties. As used in this Agreement, the term "or" shall be deemed to include the term "and/or" and the singular or plural number shall be deemed to include the other whenever the context so indicates or requires. The paragraph headings used in this Agreement are intended solely for convenience of reference and shall not in any manner amplify, limit, modify or otherwise be used in the interpretation of any of the provisions hereof.

14. **_Severability:_** Should any of the provisions of this Agreement be declared or be determined to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

15.

16. *Entire Agreement:* This Agreement contains the entire agreement between the Parties as to the subject matter hereof. The Parties hereby acknowledge and agree that there have been no offers or inducements that have led to the execution of this Agreement other than as stated herein.

17. *Execution:* This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

IN WITNESS WHEREOF, the Parties have voluntarily executed this Agreement.

BY MY SIGNATURE BELOW, I WARRANT AND REPRESENT THAT I AM DULY AUTHORIZED TO EXECUTE THIS AGREEMENT ON BEHALF OF THE PERSONS AND/OR ENTITIES LISTED AND THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE BOUND BY THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE.

_____
M. Travis Foust
Attorney for Plaintiffs on behalf of
Plaintiffs and the Firm

_____
Damarcus Pippen, Plaintiff

_____
William Armstrong, Jr., Plaintiff

_____
Patrise Perkins-Hooker
Attorney for Fulton County, Georgia
on behalf of Defendant

Approved:

**Fulton County, Georgia**

By: _____
John A. Eaves
Title: Chairman, Fulton County Board of Commissioners

ATTEST:
_____
Tonya Grier
Interim Clerk to the Commission

ITEM # 17-0545   RCS 6/21/17
RECESS MEETING

- 7 -